UNITED STATES *v.* RONDEAU and others.

*(Circuit Court, E. D. Louisiana. March, 1883.)*

DRAWING GRAND JURY—NUMBER OF NAMES IN BOX—21 ST. 43.

The pleas to the indictment were, in substance, that there was default in the manner of drawing the grand jury which found the indictment, in this : that there were at the time of the drawing the names of but 303 persons in the box; that of those persons three were ineligible, and three were dead since their names were placed in the box. *Held,* (1) that if the error was inadvertently made, the name of an unqualified juror in the box, or the presence of an unqualified person among the jurors presented who was not impaneled, gives no ground for challenge to the array, but only to the individual juror. (2) The effect of death, in law, upon the jury box is that which it is upon the body of the county : it is presumed to operate impartially ; and a jury list legally selected could not be rendered illegal because of the occurrence of death.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

On Demurrer to Pleas to the Indictment.

*Albert H. Leonard,* U. S. Atty., and *Charles E. Woods,* Asst. U. S. Atty., for the Government.

*John D. Rouse, Wm. Grant,* and *J. Ward Gurley, Jr.,* for defendants.

BILLINGS, J. This matter is submitted on the demurrer to pleas to an indictment. The substance of the pleas is that there was default in the manner of drawing the grand jury which found this indictment, in this: that there were, at the time of the drawing, the names of but 303 persons in the box; that of those persons three were ineligible and three were dead. There can be no question but that the objection is properly presented to the court by a plea in abatement. The clerk and commissioner stand in place of the sheriff, so far as his functions have been transferred to them, and if their acts in preparing the list of jurors or placing them in the box have been characterized by "default or favor," the fact may be brought to the attention of the court by this plea. The question is as to the sufficiency of plea. It is to be observed the pleas admit that the grand jury which was actually impaneled and which found the indictment was composed of eligible persons; that three persons, dead at the time of drawing, were living at the opening of this term, the time the list was prepared, and impartiality or indifference of the commissioner and clerk who prepared the list. The point urged is that at the time of each drawing the statute has imperatively required that there shall be in the box from which jurors are drawn at least 300 names of living, eligible persons.

The correctness of the position of defendants' counsel depends upon the meaning of the statute. The statute provides that "all such jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box, containing at the time of each drawing the names of not less than 300 persons possessing the qualifications presented in section 800 of the Revised Statutes of the United States, which names shall have been placed there by the clerk of such court and a commissioner," etc. I give the argument pressed by the counsel for defense, springing from the use of negative words, its full effect. I understand the law to be in many cases that as to the thing negatived the law is imperative. The statute says not less than 300. The thing negatived is the number of names. If less than that number of names had been in the box at the time of the drawing the statute would have been violated, but the precise question here is as to the qualifications, which is a dif-

ferent thing from the number of persons. The question is whether the statute means absolutely at least 300 names of persons whom the commissioners, without favor or default, certify have the requisite qualifications, or absolutely at least 300 names of persons who shall absolutely have the requisite qualifications. After giving the fair effect to the law of construction as to negative words the real question remains, did the legislature, in what they said about qualification, mean, so far as relates to the commissioners, to establish a guide which should be impartially, and to the extent of the opportunities, followed, or an inflexible prerequisite?

Does this statute mean that there must be 300 names in the box of qualified persons as a condition of any valid drawing of any jurors therefrom? If this was the meaning of congress it would involve the duty on the part of the commissioners of determining in some reliable manner the question of eligibility, and would have rendered it necessary for the legislature to have proceeded further and to have granted them authority and process for hearing and determining the matter in a *quasi* judicial manner; but they are not triers, nor have they the power to appoint triers. I do not think this the meaning of the statute. The great intent was to secure juries free from political bias through a commission in which the representation and action of the opposite political parties should be equal. Beyond this, and so far as relates to this particular provision, the purpose of the statute was (1) by requiring at least 300 names, selected by the commissioner and clerk, to be always in the box, one-half to be selected by each officer, to require so large a number as to compel them to go out of their circle of personal friends and out of any particular circle of people, and thereby secure a selection, to a large extent at least, from the body of the district; (2) to require the commissioner and clerk to select, as far as they reasonably could, without process or any means of obtaining testimony, only those persons who have the qualifications requisite; and, (3) to make at the time of impaneling or constituting a person a part of a particular jury, the rules as to the prescribed qualifications settled down upon him. Indeed, the duty imposed by this statute upon the clerk and commissioner is precisely that which the law formerly devolved upon the sheriff. Under his precept he was to summon only "good and lawful men," and a fixed number of men so qualified. As with the sheriff so with the clerk and commissioner, if incapacitated persons are selected, and if the error was purposely committed the array might be challenged for this error and default; but if, as is virtually admitted by

the plea, the error was inadvertently made, the name of an unqualified juror in the box or the presence of an unqualified person among the jurors presented, who was not impaneled, gives no ground for challenge to the array, but only to the individual juror.

I think the fact that this same statute authorizes the courts of the United States, in their discretion, to order their jurors to be drawn from the boxes of the state courts, where for the most part the testing of qualifications is left to the court at the time of the production and impaneling of the jurors, is a distinct ground for concluding that so far as this requirement touches the commissioner and clerk it was to be their guide, and not the absolute condition upon which the validity of their work depended.

I have spoken of the ineligible jurors only because if the number of those who were dead is deducted from the number of names in the box, there still remains the required number; but it should be said: If it could be ground of objection to the array that an eligible person had died after his name was placed in the jury box, it would be a still stronger ground of objection that he had died after he had been drawn; and this has never been held to be ground of challenge.

The effect of death, in law, upon the jury box is that which it is upon the body of the county; it is presumed to operate impartially; and a jury-list legally selected could not be rendered illegal because of the occurrence of death. The fairness which congress aimed at was such as "falls to the lot of humanity;" and in presumption of law a list would not be affected by the happening of an event which is the result of necessary laws, and which comes to all.

The demurrer to the plea is sustained, and the plea adjudged bad, and it is ordered that the prisoners plead to the indictment.